Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
**CILENTI & COOPER, PLLC**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIO ALTAGRACIA,

                Plaintiff,

-against-

FER'S CLEANERS II CORP., *dba*
EXPRESS CLEANERS;
TOUCH CLEANERS INC., *dba*
EXPRESS CLEANERS; *and*
FELIPE ESPINOZA, *individually*,

                Defendants.

Case No.: 21 CV 108

**COMPLAINT in an FLSA ACTION**

ECF Case

---

Plaintiff, Mario Altagracia (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Fer's Cleaners Corp. *dba* Express Cleaners; Touch Cleaners Inc. *dba* Express Cleaners; (both corporations collectively, "Express Cleaners"); and Felipe Espinoza, individually (all defendants, collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff, Mario Altagracia, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover

from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.     Plaintiff, Mario Altagracia, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day his work shift exceeded ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is an adult resident of Bronx County, New York.

6.     Defendant, Fer's Cleaners II Corp. *dba* Express Cleaners, is a business corporation, organized and existing under the laws of the State of New York, with a principal place of business at 605 West 158th Street, New York, New York 10032.

2

7. Defendant, Touch Cleaners Inc. *dba* Express Cleaners, is a business corporation, organized and existing under the laws of the State of New York, with a principal place of business at 605 West 158th Street, New York, New York 10032.

8. Upon information and belief, Defendant, Felipe Espinoza, is the owner, general manager, officer, director and/or managing agent of Express Cleaners, whose address is unknown at this time and who participated in the day-to-day operations of Express Cleaners, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Express Cleaners.

9. The individual defendant, Felipe Espinoza, exercised control over the terms and conditions of his employees' employment, including Plaintiff, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work locations, duties, and schedules, (iv) supervise, monitor, control and delegate the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. Plaintiff, Mario Altagracia, was employed by the corporate and individual Defendants in New York County, New York, to work as a dry cleaner, at Defendants' business known as "Express Cleaners", located at 605 West 158th Street, New York, New York 10032.

11. At all relevant times, Express Cleaners was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. Defendant, Express Cleaners, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of at least $500,000.

13. At all relevant times, the work performed by Plaintiff, Mario Altagracia, was directly essential to the dry cleaning business operated by defendants.

14. At relevant times, Plaintiff was paid entirely by check.

15. Plaintiff worked for the dry cleaning business known as "Express Cleaners", and directly for Felipe Espinoza, for approximately eighteen (18) months, in 2018 and 2019.

16. Defendant, Felipe Espinoza, creates and implements crucial business policies, including decisions concerning the number of hours the employee is required to work, the location where the employee is to work, the amount of pay that the employee is entitled to receive, and the method and manner by which the employee is to be paid.

17. At all times relevant to this action, the defendant corporations was owned, operated, and controlled by the individual defendant, Felipe Espinoza.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

19. Although Fer's Cleaners II Corp. and Touch Cleaners Inc. are separate corporations and business entities, they engage in related activities, namely, operating a

4

dry cleaning business at 605 West 158th Street, in New York City. The corporations shared Plaintiff, as well as other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

20. Touch Cleaners Inc. is a successor entity to Fer's Cleaners II Corp., and both corporations are under common ownership and control.

21. The corporations are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides identical services at the same location, such that each entity may be treated as a single enterprise, successor enterprise, and/or joint employer.

22. The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

23. The corporate defendants operate one commercial business, namely, a dry-cleaning businesses in New York City doing business as "Express Cleaners", at 606 West 158th Street in upper Manhattan.

24. Upon information and belief, the corporate defendants, both doing business as, Express Cleaners, both employed, Plaintiff.

25. Plaintiff, Mario Altagracia, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

26. In or around April 2018, Plaintiff, Mario Altagracia, was hired by Defendants to work as a dry cleaner at Defendants' business known as "Express Cleaners" located at 605 West 158th Street, New York, New York 10032.

27. Plaintiff worked for the defendants between April 2018 and November 2019, without interruption.

28. During the course of his employment, Plaintiff generally worked 7:00 a.m. to 6:00 p.m., six (6) days per week. As such, he worked up to sixty-six (66) hours per week.

29. Plaintiff was not a tipped employee.

30. During his employment, Plaintiff's rate of pay was $665.00; his "regular rate" of pay was approximately ten dollars ($10.00) per hour.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff applicable minimum wages, for all hours worked.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), for all hours worked in excess of forty (40) each week, in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

34. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff "spread of hours" premiums, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

35. Plaintiff was not given a weekly wage statement or other legally required documentation of his hours and hourly rate of pay.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

36. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40. Plaintiff, Mario Altagracia, was paid less than the applicable minimum wage, at all times relevant to this action.

41. Plaintiff was entitled to be paid at the rate of time and one-half the applicable New York State minimum wage, for all hours worked in excess of forty (40) hours per week, pursuant to the FLSA.

42. At relevant times as stated herein, Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

43. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. Defendants knowingly disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure him.

45. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants failed to properly disclose or apprise Plaintiff, Mario Altagracia, of his rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

49. Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

50. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages for all hours worked.

54. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the applicable minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff a "spread of hours" premium for each day in which his shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

56. Plaintiff's assigned shift exceeded ten (10) hours.

57. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. Upon information and belief, Defendant's practices were intended to, and did in fact, disguise the actual number of hours the employee worked, and designed to avoid paying for him full hours worked; and, overtime due.

60. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

61. Plaintiff was not provided with a proper, written wage notice, as required by law.

62. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

63. Defendants' failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for

each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

64. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Mario Altagracia, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of spread of hours premiums, due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages, overtime compensation, and spread of hours premiums, pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

    (g)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
January 6, 2021

Respectfully submitted,

By: _____
Peter Hans Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Mario Altagracia__, am an employee currently or formerly employed by __Touch Cleaners, Inc.__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__Nov. 6__, 2020

*/s/ Mario A.*